```
                         United States Bankruptcy Court
                         Middle District of Pennsylvania
In re:                                                        Case No. 14-03561-RNO
Damaris M. Reyes                                              Chapter 13
         Debtor              CERTIFICATE OF NOTICE
District/off: 0314-5          User: AutoDocke            Page 1 of 1           Date Rcvd: Jan 16, 2020
                              Form ID: 3180W             Total Noticed: 11
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jan 18, 2020.
```
db             +Damaris M. Reyes,    222 East Spruce Street,    West Hazleton, PA 18202-4810
4654953         Dave Harris, Esq.,   69 Public Square, Suite 700,    Wilkes-Barre, PA  18701
4525926         Law Office of David J Harris,   69 Public Square,    Suite 700,   Wilkes-Barre, PA 18701
4525928         M&T Bank,    P. O. Box 619063,    Dallas, TX   75261-9063
4525925        +Reyes Damaris M,    222 East Spruce Street,    Hazleton, PA 18202-4810
```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
4525927         EDI: CITICORP.COM Jan 17 2020 00:13:00      Citi Cards,   P. O. 183113,
                 Columbus, OH   43218-3113
4573831        +EDI: CITICORP.COM Jan 17 2020 00:13:00      Citibank, N.A.,   701 East 60th Street North,
                 Sioux Falls, SD 57104-0493
4536228         E-mail/Text: camanagement@mtb.com Jan 16 2020 19:29:22     M&T Bank,   P.O. Box 840,
                 Buffalo, New York 14240-1840
4923910        +EDI: Q3G.COM Jan 17 2020 00:13:00     Quantum3 Group LLC as agent for,   MOMA Funding LLC,
                 PO Box 788,   Kirkland, WA 98083-0788,   Quantum3 Group LLC as agent for,
                 MOMA Funding LLC 98083-0788
4923909         EDI: Q3G.COM Jan 17 2020 00:13:00     Quantum3 Group LLC as agent for,   MOMA Funding LLC,
                 PO Box 788,   Kirkland, WA 98083-0788
4545849         EDI: RECOVERYCORP.COM Jan 17 2020 00:13:00     Recovery Management Systems Corporation,
                 25 S.E. 2nd Avenue, Suite 1120,   Miami, FL 33131-1605
                                                                                            TOTAL: 6

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr*             Quantum3 Group LLC as agent for,    MOMA Funding LLC,   PO Box 788,   Kirkland, WA  98083-0788
                                                                                   TOTALS: 0, * 1, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 18, 2020                              Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on January 16, 2020 at the address(es) listed below:
```
              Alexandra Teresa Garcia    on behalf of Creditor    M&T BANK ecfmail@mwc-law.com,
               ecfmail@ecf.courtdrive.com
              Ann E. Swartz    on behalf of Creditor    M&T Bank ecfmail@mwc-law.com,  ecfmail@ecf.courtdrive.com
              Charles J DeHart, III (Trustee)    TWecf@pamd13trustee.com
              James Warmbrodt    on behalf of Creditor    M&T Bank bkgroup@kmllawgroup.com
              James Warmbrodt    on behalf of Creditor    M&T BANK bkgroup@kmllawgroup.com
              John F Goryl   on behalf of Creditor    M&T BANK bkgroup@kmllawgroup.com
              Joshua I Goldman    on behalf of Creditor    M&T BANK bkgroup@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              Recovery Management Systems Corporation    claims@recoverycorp.com
              Thomas I Puleo    on behalf of Creditor    M&T BANK tpuleo@kmllawgroup.com,  bkgroup@kmllawgroup.com
              Tullio DeLuca    on behalf of Debtor 1 Damaris M. Reyes tullio.deluca@verizon.net
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                             TOTAL: 11
```

**Information to identify the case:**

| | | |
|---|---|---|
| Debtor 1 | Damaris M. Reyes | Social Security number or ITIN  xxx–xx–9807 |
| | First Name   Middle Name   Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN  _ _ _ _ <br> EIN  _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court | Middle District of Pennsylvania | |
| Case number: | 5:14–bk–03561–RNO | |

# Order of Discharge

12/18

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Damaris M. Reyes

1/16/20

**By the court:**

*Robt N. Opel II* (signature)

Honorable Robert N. Opel, II
United States Bankruptcy Judge
By: DeborahGeorge, Deputy Clerk

---

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

- ♦ debts that are domestic support obligations;

- ♦ debts for most student loans;

- ♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for restitution, or a criminal fine, included in a sentence on debtor's criminal conviction;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**